**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                              |   |                                  |
|------------------------------|---|----------------------------------|
| ANGEL PASTOR DOSS,           | ) |                                  |
|                              | ) |                                  |
|     PLAINTIFF, | ) |                                  |
|                              | ) |                                  |
| v.                           | ) | Civil Action No. 17-cv-0093 (KBJ) |
|                              | ) |                                  |
| U.S. PROBATION OFFICE, *et al.*, | ) |                                  |
|                              | ) |                                  |
|     DEFENDANTS. | ) |                                  |

## MEMORANDUM OPINION

Pro se plaintiff Angel Pastor Doss ("Plaintiff") has filed the instant Complaint against the United States Probation Office, four federal judges, and nine Senators, and Speaker Paul Ryan (collectively, "Defendants"). (*See* Compl., ECF No. 1.) The pleading is entitled "Compl[ai]nt, Petition, or Declaration-Against Conspirators For Caused In Furtherance Of Conspiracy [,]" and in the footer of the entire document, Plaintiff includes the notation, "Civil Conspiracy Court Clerk and Federal Government[.]" (Compl., ECF No. 1, at 2.) Among other things, the complaint references an automobile accident in which Plaintiff apparently was involved in 1978 and Plaintiff's arrest in 1985 for stealing a car, as well as Plaintiff's education and work history and his language skills. (*See id.* at 2–4.) The complaint maintains that

> [a]s a result of these wrongful acts, plaintiff, in all aspects of life jobs, love and family were fragmented by deliberate actions of the Legislative, Judicial and Government employees and request special damages. The Election of 2016 is not over as this case is not closed and I could have defeated Rand Paul, and look forward to the opportunity to Drain the swamp.

(*Id*. at 3.)  The relief that Plaintiff seeks includes "exemplary and punitive damages in the sum of 50 million dollars in such amount as will sufficiently punish defendants for their willful and malicious conduct and as will serve as an example to prevent a reputation of such conduct" (*id.*), as well as "an Ambassadorship for my beloved Panama Republic of Panama, which I believe I can, bring some civility to IRAN[]" (*id.* at 4).

It is entirely unclear to this Court what cause of action Plaintiff seeks to assert in this pleading, and thus, as explained below, the Court concludes that the complaint must be **DISMISSED** *sua sponte* under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

## DISCUSSION

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted.  *Bauer v. Marmara*, 942 F.Supp.2d 31, 37 (D.D.C. 2013) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  However, if the complaint's failure to state a claim for the purpose of Rule 12(b)(6) "is patent, it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources for the court to act on its own initiative and dismiss the action."  *Id.* (internal quotation marks and citation omitted).  Furthermore, under Rule 8(a), a court is authorized to dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks and citation omitted).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Such is the case here. Try as it might, this Court cannot begin to decipher exactly what Plaintiff means by the allegations he makes in the complaint, nor is it clear how any of the allegations are connected, much less what the cause of action might be. In contravention of Rule 8(a)'s mandate that a complaint provide a short and plain statement of the claim, Plaintiff's complaint is largely an incomprehensible mish-mash of statements that do not "give adequate notice of the alleged unlawful acts" that form the basis of his claim. *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C. Cir. 1983). Moreover, because no theory of recovery is clearly identified, the facts, such as they are, also fail to state a claim upon which relief can be granted. *See Shaw v. Ocwen Loan Servicing, LLC*, No. 14cv2203, 2015 WL 4932204, at *1–2 (D.D.C. Aug. 18, 2015).

To be sure, pro se pleadings are entitled to liberal interpretation. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, this consideration does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). And district courts have discretion to dismiss a pro se plaintiff's complaint *sua sponte* when there is simply "no factual or legal basis for alleged wrongdoing by defendants," such that it is "patently obvious that the plaintiff cannot prevail on the facts alleged in the complaint." *Perry v.*

*Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990)).

In sum, *sua sponte* dismissal is plainly warranted where, as here, "there are no clear allegations of fact to support, or even to illuminate, the nature of Plaintiff's claim." *Shaw*, 2015 WL 4932204, at *2. Accordingly, Plaintiff's complaint will be **DISMISSED** without prejudice pursuant to Rules 8(a) and 12(b)(6). A separate Order accompanies this Memorandum Opinion.

DATE: May 12, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge